UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| DAVID ELKINS, | Case No. 2:22-cv-3705 |
| Plaintiff, | |
| vs. | District Judge Michael H. Watson |
| | Magistrate Judge Elizabeth Preston Deavers |
| FRANKLIN MEDICAL CENTER, *et al.*, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff, David Elkins, currently a prisoner at the Pickaway Correctional Institution, commenced this *pro se* action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction (ODRC), the Franklin Medical Center (FMC), Warden Jenny Hildebrand, FA/ON Supervisor K. Peter Pugh, and Cashiers B. Wamsley and Mr. Z. Shaw for allegedly violating his rights under the Fifth and Fourteenth Amendments to the United States Constitution in connection with the handling of funds in his inmate account. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of the complaint (Doc. 1-1) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

I.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

2

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.

In his complaint, plaintiff alleges that $1,400 was improperly deducted from his inmate account while was housed at FMC. Plaintiff organizes his complaint into the following four counts:

**a.    Count One**

Plaintiff brings Count One against defendant Warden Jenny Hildebrand in her individual and official capacities. Plaintiff alleges that Hildebrand caused the allegedly improper deduction

3

of funds from his inmate account because she supervises the cashiers at FMC and "knew or should have known the auspices [sic] of her official capacity, or (duty) that the Cashiers of FMC were not properly trained and/or misappropriated Inmate Funds by not following [ODRC] set Policy."

Plaintiff purports to bring Count One against defendant Hildebrand under the Fifth and Fourteenth Amendments. (Doc. 1-1, at PageID 7-8).

**b.     Count Two**

Plaintiff brings Count Two against defendant FA/ON Supervisor K. Peter Pugh in his individual and official capacities. Plaintiff alleges that Pugh "failed to properly train the acting Cashier to properly notify the Plaintiff of the right to claim exemptions and the type of exemptions available to him under State Statu[t]e, before taking money from Plaintiff's Inmate Account in the amount of $1,400.00[.]" Plaintiff further alleges that Pugh answered a grievance that plaintiff filed on the matter by stating, "[a]lthough it was the cashier[']s fault on how he posted the check, the Courts are not willing to refund the money, I will not be able to post the $1,400 plus you would not have been eligible for the full amount. Sorry for the inconvenience of Mr. Shaw's error."

Plaintiff purports to bring Count Two against defendant Pugh under the Fifth and Fourteenth Amendments. (Doc. 1-1, at PageID 8).

**c.     Count Three**

Plaintiff brings Count Three against defendant Cashier B. Wamsley in her individual and official capacities. Plaintiff alleges that Wamsley violated ODRC policies and conspired with defendant Z. Shaw in the "unlawful deprivation of Inmate Property."

Plaintiff purports to bring Count Three against defendant Wamsley under the Fifth and Fourteenth Amendments.  (Doc. 1-1, at PageID 9).

**d.      Count Four**

Plaintiff brings Count Four against defendant Cashier Z. Shaw in his individual and official capacities.  Plaintiff alleges that Shaw did "unlawfully take and deprive the Plaintiff's Inmate Property of $1,400.00 from his inmate account without Notice[.]"

Plaintiff purports to bring Count Four against defendant Shaw under the Fifth and Fourteenth Amendments.  (Doc. 1-1, at PageID 9).

For relief, plaintiff seeks monetary damages.  (Doc. 1-1, at PageID 10).

III.

The Court understands plaintiff's allegations to assert:  (1) Fifth and Fourteenth Amendment due process and equal protection claims against defendants Hildebrand, Pugh, Wamsley, and Shaw (Doc. 1-1, at PageID 7-9); (2) conspiracy claims against defendants Wamsley and Shaw (Doc. 1-1, at PageID 9); (3) failure-to-train claims against defendants Hildebrand and Pugh (Doc. 1-1, at PageID 7-8); and (4) claims in connection with the grievance process against defendant Pugh (Doc. 1-1, at PageID 8).  For the following reasons, plaintiff's complaint should be dismissed because it fails to state a claim upon which relief may be granted under § 1983.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As an initial matter, plaintiff's complaint does not contain any allegations against the ODRC or the FMC.  These defendants should therefore be dismissed from this action.  In any event, neither the ODRC nor the FMC are proper defendants in a § 1983 lawsuit.  A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Parker v. Michigan Dep't*

5

*of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See also, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002).

Next, plaintiff's claims against the individual defendants in their official capacities for monetary damages must be dismissed. Absent an express waiver, a state is immune from damages suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663. A suit against defendants in their official capacities would be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Colvin v. Caruso*, 605 F.3d

282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Therefore, the individual defendants are immune from suit in their official capacities from plaintiff's claims for monetary damages.

Further, plaintiff has failed to state a due process claim against defendants Hildebrand, Pugh, Wamsley, or Shaw because plaintiff fails to allege that his state post-deprivation remedies are inadequate. In order to assert a due process claim, plaintiff must first plead, and ultimately prove, the inadequacy of state remedies for redressing the wrong. *Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir. 1983); *Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt v. Taylor,* 451 U.S. 527 (1981), *overruled in part on other grounds, Daniel v. Williams,* 474 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson Cty. Pub. Sch. Sys.,* 360 F.3d 583, 587–88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under § 1983, "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati,* 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under [§] 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson,* 360 F.3d at 588. "The plaintiff must prove the inadequacy of state remedies as an element of [his] constitutional tort." *Id*. (citing *Marino v. Ameruso,* 837 F.2d 45, 47 (2d Cir.1988) ("Although one need not exhaust state remedies before bringing a [§] 1983 action claiming a violation of procedural due process, one must nevertheless prove *as an element* of that claim that state procedural remedies are inadequate.") (emphasis in original)).

7

In this case, plaintiff has failed to sufficiently plead that Ohio's post-deprivation remedies, particularly state tort remedies, are inadequate or unavailable as required under *Parratt* and *Vicory*. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."). Plaintiff's vague and conclusory statement that he was told that "the Courts are not willing to refund the money" provides insufficient factual content or context from which the Court could reasonably infer that Ohio's post-deprivation remedies are inadequate to adjudicate his property-loss claims. Rather, the allegation is the kind of "naked assertion" devoid of "further factual enhancement" that is insufficient to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 557.

To the extent that plaintiff mentions the equal protection clause (*see* Doc. 1-1, at PageID 7), he has not stated a claim for the denial of equal protection. Plaintiff does not allege facts supporting an inference that plaintiff received disparate treatment, unequal protection of any law, or that distinct protection was offered to similarly situated prisoners but not to him. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Accordingly, any equal protection claim in the complaint warrants dismissal.

Nor does plaintiff's complaint state a failure-to-train claim against defendants Hildebrand or Pugh. Mere negligence is insufficient to state a claim of constitutional dimension under § 1983. *See, e.g., Warren v. Doe,* 28 F. App'x 463, 464 (6th Cir. 2002) (citing *Ritchie v. Wickstrom*, 938 F.2d 689, 692 (6th Cir. 1991)). Moreover, plaintiff has not alleged any facts suggesting that either of these defendants directly participated in or encouraged the allegedly improper handling of plaintiff's inmate account. "A supervisory official's failure to supervise,

control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016). Plaintiff may not hold these defendants liable because they hold a supervisory position. *See Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 693-95; *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). *Cf., Rowland v. City of Memphis, Tenn.*, No. 2:13-CV-02040-JPM, 2013 WL 2147457, at *5 (W.D. Tenn. May 15, 2013) (finding the plaintiff's allegations to be conclusory "because they simply assume that an unlawful seizure or disposal of property must be the result of the City's failure to train or the City's policies and procedures."). Accordingly, plaintiff's failure-to-train claims are subject to dismissal.

Likewise, to the extent that plaintiff seeks to hold defendant Pugh liable for his failure to adequately investigate plaintiff's administrative grievance or for Pugh's role in the grievance process plaintiff also fails to state a claim upon which relief may be granted. "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that plaintiff claims that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of

9

"encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).

Finally, plaintiff's conclusory conspiracy allegation against defendants Wamsley and Shaw should be dismissed. It is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010). *See also Boxill v. O'Grady*, 935 F.3d 510, at 519 (6th Cir. 2019) ("The plaintiff must plead enough facts to support a reasonable inference that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.") (internal quotation marks omitted); *Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Here, construing the complaint liberally, plaintiff's factual allegations are insufficient to suggest that these defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right. Therefore, plaintiff's vague, unsubstantiated and conclusory claim based on a conspiracy theory lacks the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983.

## IV.

Accordingly, in sum, the undersigned finds that plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, it is **RECOMMENDED** that the complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

DATED: October 25, 2022

  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**