**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**David Elkins,**

     **Plaintiff,**

     **v.**

**Franklin Medical Center, *et al.*,**

     **Defendants.**

**Case No. 2:22-cv-3705**

**Judge Michael H. Watson**

**Magistrate Judge Deavers**

## <u>OPINION AND ORDER</u>

Magistrate Judge Deavers performed an initial screen of this pro se

prisoner civil rights case pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

Thereafter, she issued a Report and Recommendation ("R&R") recommending

the Court dismiss Plaintiff's Verified Complaint.  R&R, ECF No. 4.  Plaintiff timely

objected to the recommendation, Obj., ECF No. 5, and the Court therefore

reviews de novo those portions of the R&R to which Plaintiff properly objected.

Fed. R. Civ. P. 72(b).

Plaintiff is an inmate currently residing at the Pickaway Correctional

Institution.  Defendants are: Franklin Medical Center ("FMC"); Ohio Department

of Rehabilitation and Correction ("ODRC"); Jenny Hildebrand, Warden of an

unnamed correctional institution ("Hildebrand"); K. Jeter Pugh, of unknown title

("Pugh"); B. Wamsley, a cashier at an unknown institution ("Wamsley"), and Z.

Shaw, a cashier at FMC ("Shaw") (together, "Defendants").  Plaintiff seems to

sue Hildebrand, Pugh, and Wamsley in both their individual and official capacities.

Plaintiff sues Defendants under 42 U.S.C. § 1983 for violations of Due Process and Equal Protection. Compl., ECF No. 1-1. At its core, Plaintiff's Complaint alleges that Shaw removed $1,400 from Plaintiff's inmate account without prior notice, in violation of the Ohio Administrative Code and ODRC policy. *Id.* at PAGEID # 9. Plaintiff alleges Wamsley "acted in complicity" with Shaw, *id.*, and that Pugh failed to train "the Cashier" to notify Plaintiff of his right to claim certain exemptions for the removed money. *id.* at PAGEID # 8. Plaintiff alleges Hildebrand made the policy and supervised all relevant employees at FMC and that she should have known the cashiers were improperly trained vis-à-vis ODRC policy for removing funds from inmate accounts. *Id.* at PAGEID ## 7– 8. The Verified Complaint does not allege specific allegations against FMC or ODRC.

Plaintiff seeks monetary damages from each Defendant as his sole form of relief. *Id.* at PAGEID # 10.

The R&R recommended dismissing FMC and ODRC as improper defendants in a § 1983 action and because the Verified Complaint contained no allegations against these entities. R&R at 5–6, ECF No. 4. The R&R also recommended dismissing all official-capacity claims because Plaintiff seeks solely monetary damages, which are barred by the Eleventh Amendment. *Id.* at 6–7.

Regarding the individual-capacity claims against Hildebrand, Pugh, Wamsley, and Shaw, the R&R recommends dismissing Plaintiff's procedural due process claims for failure to allege inadequacy of available post-deprivation remedies, namely state tort remedies. *Id.* at 7–8.  The R&R recommends dismissing Plaintiff's Equal Protection claims against the individual defendants because Plaintiff failed to allege any disparate treatment for similarly situated individuals. *Id.* at 8.  Moreover, the R&R recommends concluding Plaintiff failed to state a failure-to-train claim against Hildebrand or Pugh and failed to allege any cognizable claim regarding Pugh's handling of Plaintiff's grievance. *Id.* at 8–10.  Finally, to the extent Plaintiff attempted to assert a conspiracy claim against Wamsley and Shaw, the R&R recommends dismissing any such claim as conclusory. *Id.* at 10.

Plaintiff's objection begins by fleshing out the factual basis of his claims.  In his objection, Plaintiff explains that he received a $1,400 stimulus check while he was incarcerated at FMC.  Obj. 2, ECF No. 4.  Plaintiff further alleges that the Ohio Administrative Code contains requirements that must be met before funds are removed from an inmate's account to satisfy a court judgment. *Id.*  Namely, the Ohio Administrative Code requires an inmate be notified prior to the removal of funds from the inmate's account, and the pre-deprivation notice must include information on statutory exemptions as well as the inmate's right to claim the same or raise a defense to the removal of funds in satisfaction of the judgment. *Id.* (citing Ohio Admin. Code 5120-5-03).  Despite this rule, FMC cashiers

apparently removed the $1,400 from Plaintiff's inmate account and forwarded the money to "the Court," without providing any notice of the intent to do so, explanation of available exemptions, or the opportunity for Plaintiff to claim an exemption or defense prior to removal. *Id.*

After clarifying the facts, Plaintiff makes general assertions about § 1983 claims and about the attitude some prison officials have toward inmates' constitutional rights. *Id.* at 2–3. Plaintiff then clarifies that his due process claim could be either procedural or substantive, and he argues he need not allege the inadequacy of state remedies for a substantive due process claim. *Id.* at 3–4. In conclusion, Plaintiff asks the Court to liberally construe his pleading and sustain his objection. *Id.* at 4.

Plaintiff's objection is overruled. First, Plaintiff has forfeited his right to de novo review of all portions of the R&R that were not specifically objected to. Thus, the Court performs a de novo review *only* on the dismissal of any individual-capacity substantive due process claims and adopts the R&R out-of-hand regarding Plaintiff's Procedural Due Process, Equal Protection, failure to train, conspiracy, grievance, and official-capacity claims as well as Plaintiff's claims against FMC and ODRC.

Moreover, upon de novo review, the Court concludes that Plaintiff has not stated a substantive due process claim. Even construed liberally, Plaintiff's Verified Complaint alleges only that Defendants did not follow the proper state *procedure* before removing funds from his inmate account. *See generally*

Compl., ECF No. 1-1.  Such allegations are the hallmark of a procedural due process claim.  Indeed, in his objection, Plaintiff argues that it would *not* have violated his due process rights if the prison officials had followed the administrative code prior to withdrawing the funds.  Obj. 1–2, ECF No. 5 ("Had the Officials used OAC 5120-5-03 in their efforts to take monies from the Plaintiff's account it would have comported with the Due Process requirements of the Fifth and Fourteenth Amendments, but they did not thus violating Plaintiff's Constitutional rights.") (grammar in original).  On the other hand, nowhere does Plaintiff allege that the funds were removed from his account through an arbitrary and capricious action, nor does he allege conduct that "shocks the conscience." Removing funds from his account to satisfy a court judgment is not arbitrary and capricious action.  He thus does not state a substantive due process claim.

Plaintiff's objection is **OVERRULED**.  The R&R is **ADOPTED**, and Plaintiff's Complaint is **DISMISSED**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**